Yaraus et al. *v.* McSweeny, Appellant.

Argued October 21, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Gerald A. Gleeson,* and with him *Thomas Boylan,* for appellant.

*N. S. Winnet,* and with him *B. I. DeYoung,* for appellee.

OPINION BY LINN, J., November 18, 1929:

This was a trial by a judge without a jury. Plaintiff offered in evidence (as not denied in the affidavit of defense), a paragraph from the statement claiming for goods sold and delivered as shown by his book account attached as an exhibit. Counsel for defendant objected to receiving the paragraph in evidence but stated: "I am willing to admit ...... that we received the goods set forth but we never solicited them, never contracted for them and I deny that sufficiently, I say we never solicited, never requested from the plaintiff the merchandise which was delivered to us by the plaintiff but we do admit we received the merchandise as set forth in the book entries." Later, defendant also admitted of record that the goods were retained. The objection was overruled and the averment from the statement of claim was admitted in evidence. That action is excepted to and is assigned for error.

As there was no specific denial of the price claimed, the court permitted plaintiff to read in evidence from the statement of claim, his allegation of the price at which the goods were sold. The admission of record that the goods were received, taken with the admission that they were retained, made out a prima facie case without further proof of those facts. With the trial-record in that state, defendant offered no evidence. In such circumstances, with plaintiff's claim admitted and nothing offered in defense, the court rightly found for plaintiff.

After this appeal was taken, the trial judge filed an opinion pursuant to Rule 58 and concluded that he was in error in admitting in evidence the paragraph from plaintiff's statement first referred to above, and

stated that he was of opinion that he should have granted a new trial. As defendant's admission of the receipt and retention of the goods would cure any possible error, a new trial should of course not be granted.

Judgment affirmed.